## BAZANNO v. STATE..

(Court of Criminal Appeals of Texas. Dec. 7, 1910.)

1. HOMICIDE (§ 169*) — EVIDENCE — CONDUCT AND DECLARATIONS OF DECEDENT.

The rule that actions and declarations of the decedent are not admissible against the accused, who was not present .and had no notice of them, applies only to cases involving self-defense, where the accused has a right to act upon movements apparently hostile towards him, and does not exclude testimony as to the actions, movements, and declarations · of decedent on the day of the homicide, which are merely explanatory of his presence at the place where he was killed.

[Ed. Note.—For other cases, see Homicide, Cent. Dig. §§ 341, 349; Dec. Dig. § 169.*]

2. HOMICIDE (§ 294*)—INSTRUCTIONS—INSANITY.

In a trial for homicide, the district clerk of the county in which accused was tried produced a record which stated: "This is a case wherein Albert Bazanno is the defendant. It is found on page 58 of Book G, which reads as follows: 'State of Texas v. Albert Bazanno. Orange County. July 1st, 1905,' etc. For copy of said record, see exhibit attached hereto, marked 'A,' and made a part of this record on page ———." In addition there was some reference to the fact that accused had been in an asylum for the insane and had been discharged. *Held* not such evidence of a judgment of insanity rendered against the accused as to require the court to charge the jury with respect to the effect of the judgment.

[Ed. Note.—For other cases, see Homicide, Cent. Dig. § 605; Dec. Dig. § 294.*]

3. CRIMINAL LAW (§ 1090*)—APPEAL AND ERROR—NECESSITY OF EXCEPTIONS.

A ground of assignment for misconduct of the jury, not verified by any bill of exceptions, and in respect to which no facts appear in the record, is not reviewable on appeal.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2821; Dec. Dig. § 1090.*]

Appeal from District Court, Orange County; W. B. Powell, Judge.

Albert Bazanno was convicted of manslaughter, and he appeals. Affirmed.

John Mobley, Asst. Atty. Gen., for the State.

RAMSEY, J. In this case appellant was convicted in the district court of Orange county on May 21, 1909, on an indictment charging him with murder, of the offense of manslaughter, and his punishment was assessed at confinement in the penitentiary for a period of three years. The evidence showed a killing utterly without excuse, and there seems to be no occasion or necessity to set out here the facts. The defense relied on was that of insanity. There are no bills of exception in the record, and the motion for new trial raises but few questions, all of which we will now notice.

1. The first is that the court erred in permitting the witness Mrs. Albert Dunlap, over the objection of defendant, to testify as to the movements and actions of the deceased, Denny Harris, on the day of the hom-

icide and prior thereto, because said actions and movements were not in the presence of appellant, and there was no testimony showing that he had any knowledge of said actions and movements of Denny Harris, and appellant could not be charged with the knowledge of such movements and the causes thereof. This witness testified in substance that deceased left her house about 11:30 o'clock the morning he was killed; that he came by where she was stopping with her daughter; that he had a lead horse; that he stated he was going out to George Foreman's to take the horse there, and that he was going to the next house to get a saddle. This, it appears from the statement of facts, was objected to for the reason that appellant was not present, and the movements of Harris on that day cannot be charged to him and is no evidence against him. The testimony was explanatory of the presence of the deceased at the place where he was killed, which was quite a distance from the place where his mother saw him, and was a mere matter of inducement. The cases in which the actions, declarations, and intentions of a decedent are held not to be admissible against a defendant who has no notice of them, has always been limited to cases where the issue of self-defense arose in the case, and where such acts and movements of the deceased could be held to be hostile in their character, and where such defendant had a right to act upon an apparent hostile movement towards him which might, if the rule permitted it, be shown to be in fact innocent. It can have, we think, no application to such a case as this, and the objection is wholly untenable.

2. The next two grounds of the motion for new trial are in substance that the court failed to charge the jury that the judgment of lunacy introduced in evidence was prima facie evidence of the recitals therein contained, which recitals it was incumbent upon the state to rebut by legal evidence, and that the court erred in failing to charge the jury the presumption arising from said judgment of insanity; the legal presumption for said adjudication being that insanity continued until such presumption was overcome by legal evidence. It becomes unnecessary to pass on these contentions and issues, for the reason that by reference to the statement of facts we find that no judgment pronouncing appellant insane was admitted in evidence. On this question the record shows the following: Mr. C. L. Goodman, the district clerk of Orange county, was introduced, who said in substance that he was in possession of the records of the county court of Orange county, and was in possession of the records of July 3, 1905, of the county court, which records he then had with him. The following is then the literal statement of the rec-

ord as contained in the statement of facts: "This is a case wherein Albert Bazanno is the defendant. It is found on page 58 of Book G, which reads as follows: 'State of Texas v. Albert Bazanno. Orange County. July 1st, 1905,' etc. For copy of said record, see exhibit attached hereto, marked 'A,' and made a part of this record on page ———.'' There is some general reference to the fact that appellant had been in the asylum and had been discharged therefrom; but, except as found in the above, there is no evidence of any judgment of lunacy against him. We think, in this condition of the record, it cannot be held that we should reverse the case on account of the failure of the court to charge the jury in respect thereto.

3. The only other ground of the assignment relates to the misconduct of the jury. This is not verified by any bill of exceptions, nor do the facts in respect thereto appear in the record. In this condition of the record it is evident that we cannot review this question.

Finding no error in the record, it is ordered that the judgment of conviction be, and the same is hereby, in all things affirmed.